**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mong C. *ex rel.* Uphaphon P.,

Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-2398 (DWF/ECW)

**ORDER**

This matter is before the Court on Petitioner Mong C.'s request for leave to file a motion to reconsider (Doc. No. 12) the Court's May 14, 2026 order (Doc. No. 10). Respondents oppose the request. (Doc. No. 14.)

Petitioner filed a petition for writ of habeas corpus (the "Petition"). (Doc. No. 1.) The Petition asserted that Petitioner's detention was unlawful because it violated the Immigration and Nationality Act, the Due Process Clause of the Fifth Amendment, the Fourth Amendment, and the *Accardi* doctrine. (*Id.* ¶¶ 49-68.) The Court addressed each argument and concluded that Petitioner had not shown that his detention violated the Constitution or laws of the United States. (Doc. No. 10 at 4-6.) The Court therefore denied the Petition. (*Id.* at 7.)

Pursuant to Local Rule 7.1(j), a party must show "compelling circumstances" to obtain permission to file a motion to reconsider. D. Minn. L.R. 7.1(j). Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (citation modified). This relief is reserved for "extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993). Such motions "cannot be employed to repeat arguments previously made" or to make "arguments that could have been made" previously. *Kelley ex rel. BMO Litig. Tr. v. BMO Harris Bank N.A.*, No. 19-cv-1756, 2020 WL 1701696, at *1 (D. Minn. Apr. 8, 2020).

Petitioner first argues that the Court mischaracterized the Fourth Amendment claim as specific to a judicial warrant, as opposed to an administrative warrant. (Doc. No. 12 at 1.) The Court characterized the claim as based on the lack of a judicial warrant because the Petition characterized it as such. (*See* Doc. No. 1 ¶ 65 ("Respondents did not have Petitioner's consent or a judicial warrant to arrest him. His resultant detention is therefore unlawful."). Regardless, the Court addressed the administrative warrant in its analysis. (Doc. No. 10 at 6.)

Relatedly, Petitioner argues that the Court mistakenly found that Petitioner was subject to a warrant of removal. (Doc. No. 12 at 1-2.) He claims that he contested the existence of an administrative warrant and that Respondents did not provide one, so it was improper to find that Petitioner was subject to a warrant of removal. (*Id.*) However, the record demonstrates that Petitioner was ordered removed in 2019, subsequently

arrested pursuant to a warrant of removal, and then arrested again in April 2026 on the same warrant of removal. Petitioner did not contest the basis for the 2019 arrest; he only contested the April 2026 arrest. The Court accepted the existence of a prior warrant of removal because Petitioner did not contend that his initial arrest in 2019 was invalid. (*See* Doc. No. 1; Doc. No. 10 at 6.) To the extent such an inference could be considered an error, it is immaterial because Respondents have now provided a copy of that warrant of removal. (Doc. No. 14-1 at 3-4.)

Petitioner next argues that the Court misconstrued the regulatory standard for revocation of release. (Doc. No. 12 at 2.) He contends that he should have been given the Notice of Revocation before he was redetained. (*Id.*) This argument was raised by Petitioner in his reply memorandum, (Doc. No. 7 at 11-12), and the Court considered it when denying the Petition. It is therefore precluded on a motion to reconsider. Moreover, Petitioner's assertion that "it is not disputed that 'Petitioner did not receive notice identifying the reasons for revocation prior to his re-detention'" cites to his previous habeas case which related to an entirely different arrest. (Doc. No. 12 at 2 (citing *Mong C. v. Noem*, No. 26-cv1541 (D. Minn. filed Feb. 24, 2026)).) Reference to that arrest is irrelevant to the issue at hand. Again, Petitioner has failed to show manifest error.

## ORDER

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Petitioner Mong C.'s request for leave to file a motion to reconsider (Doc. No. [12]) is respectfully **DENIED**.

Dated: May 21, 2026

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge